389 F.Supp. 856 (1975)
William J. KNOTT, Plaintiff,
v.
MISSOURI PACIFIC RAILROAD COMPANY, a corporation, Defendant.
No. 74-907C(3).
United States District Court, E. D. Missouri, E. D.
February 11, 1975.
*857 David O. Danis, Whalen, O'Connor, Collins & Danis, St. Louis, Mo., for plaintiff.
R. W. Yost and Paul E. Littleton, Missouri Pacific Railroad Co., St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
WANGELIN, District Judge.
This matter is before the Court upon defendant's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal, for failure to state a cause of action. This is an action brought for lost wages because of defendant's alleged job discrimination on the basis of sex. Relief is sought under the statutory authority of 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1988 and 2000e et seq. It is plaintiff's contention that the alleged discrimination was based upon defendant's grooming and dress code which was applied in a manner which was discriminatory on the basis of sex. The alleged instances of discrimination arise from a dispute between plaintiff and defendant concerning the length of plaintiff's hair. Plaintiff's causes of action which are based upon 42 U.S.C. §§ 1981 through 1988 will be dealt with first.
The Civil Rights Acts passed as a result of the American Civil War have never been construed to ban discrimination on account of sex. The remedies granted by the aforecited statutes deal only with discrimination on the basis of race. It follows therefore that plaintiff has no right to relief under 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1988. Olson v. Rembrandt Printing Co., 375 F.Supp. 413 (E.D.Mo., 1974).
Plaintiff's pleading of a violation of 42 U.S.C. § 2000e et seq. is a proper one for a charge of sex discrimination. However, a close examination of the pleadings filed in this matter indicates that plaintiff has failed to state a cause of action. While the Eighth Circuit Court of Appeals has failed to rule on the precise question presented to us today, other Courts of Appeals and District Courts have ruled on such a question with conflicting results. An examination of the reported decisions concerning this question of alleged discrimination shows that only one court has held that conduct such as plaintiff complains of here is unlawful sex discrimination, Willingham v. Macon Telegraph Pub. Co., 482 F.2d 535 (5th Cir. 1973). It must also be noted that in the Willingham case that rehearing en banc has been granted to reconsider the question of sex discrimination, and that the United States District Court for the Middle District of Louisiana has held in a recent Opinion that men's hair grooming standards are not a violation of 42 U.S. C. § 2000e et seq. Morris v. The Texas and Pacific Railway, 387 F.Supp. 1232 (M.D.La.1975). It is of significant weight to this Court that all the other reported decisions concerning this question have uniformly held that grooming codes as applied to employees are not sex discrimination. Fagan v. National Cash Register Company, 157 U.S.App.D.C. 15, 481 F.2d 1115 (1973); Dodge v. Giant Food, Inc., 160 U.S.App.D.C. 9, 488 F.2d 1333 (1973); and Baker v. California Land Title Company, 507 F.2d 895 (9th *858 Cir., 1974). After careful consideration of the issues presented to us, this Court is in agreement with the Ninth Circuit Court of Appeals that:
. . . a private employer may require male employees to adhere to different modes of dress and grooming than those required of female employees and such does not constitute an unfair employment practice within the meaning of 42 U.S.C. § 2000e-2(a). Baker, supra, page 898 of 507 F.2d.
In consequence,
It is hereby ordered that defendant's motion to dismiss be and is granted; and
It is further ordered that this action is dismissed.