**Anna J. RAETHER et al.,
Plaintiffs,**

v.

**Eugene O. PHILLIPS and U. S. Postal Service Regional Postmaster General for the Eastern Region, Defendants.**

**Civ. A. No. 74–157(R).**

United States District Court,
W. D. Virginia,
Roanoke Division.
July 21, 1975.

Charles M. L. Mangum, Lynchburg, Va., for plaintiffs.

Paul R. Thomson, Jr., U. S. Atty., Roanoke, Va., for defendants.

## OPINION and JUDGMENT

DALTON, District Judge.

This case is before the court for consideration on defendants' motion to dismiss or in the alternative for summary judgment. Plaintiffs, Anna J. Raether, Joyce R. Wiseman and Evelyn H. Arnold, have filed a complaint against Eugene O. Phillips and the U. S. Postal Service, Regional Postmaster General for the Eastern Region, defendants, alleging that defendants have instituted sexual and racial discrimination in their employment practices at the Covington Post Office. Anna J. Raether and Joyce R. Wiseman are white females; Evelyn H. Arnold is a black female.

Plaintiffs allege that the grievances herein pleaded arise under "the Civil Rights Act of 1964," 42 U.S.C. § 2000e et seq., and under 42 U.S.C. §§ 1981, 1982, and 1983. Plaintiffs assert that jurisdiction vests in this court pursuant to 28 U.S.C. §§ 1331, 1343, and 2201. Plaintiffs pray for the following relief: 1) a permanent injunction enjoining defendants from continuing the practices of interfering with their rights as provided under "the Civil Rights Act of 1964"; 2) a declaratory judgment that the policies herein complained of violate "the Civil Rights Act of 1964" and 42 U.S.C. §§ 1981 and 1983; 3) an order directing that plaintiff Raether be immediately reinstated as an employee of the United States Postal Service with seniority and back pay; 4) an order directing that plaintiff Wiseman receive seniority in a regular clerk's position from the date of the first vacancy created with seniority and back pay; 5) an order directing that plaintiff Arnold be restored to the number of hours originally assigned to her and awarding back pay from the date her hours were first reduced; 6) allowing plaintiffs such additional relief as justice requires; and 7) awarding plaintiffs reasonable attorney fees.

The claims presented by the plaintiffs are essentially different in factual and legal issues and for the purpose of efficiently deciding the motions before the court, the allegations brought forth by plaintiffs Raether and Wiseman will be considered jointly, but separate from the allegations proffered by plaintiff Arnold. The case file contains briefs submitted on behalf of all parties and defendants have filed a substantial number of exhibits which include copies of the various administrative proceedings previously initiated by plaintiffs before the Equal Employment Opportunity Commission, the National Labor Relations Board, and the Office of Employee Relations, U. S. Postal Service, Eastern Region.

I

The court will first address itself to the factual background surrounding the allegations brought forth by plaintiffs Raether and Wiseman. On March 28, 1968, defendant Phillips was appointed Acting Postmaster of the Covington Post Office, and on June 17, 1968, he was appointed Postmaster. Between July 11 and July 14, 1972, an Annual Service and Financial Audit Inspection was conducted at the Covington Post Office; the resulting determination was that the Covington Post Office was overstaffed by at least three regular (full-time) clerks. At this time there were eight regular clerks and two flexible (part-time) clerks working at the Covington Post Office; Wiseman was the most junior of the regular clerks.

Pursuant to the recommendations of the Inspection Report, Postmaster Phillips decided to revert one of the regular clerks to a flexible clerk, but offered to

detail the most junior regular clerk (Wiseman) to the Staunton Post Office where she could retain her full-time status. On November 22, 1972, Wiseman requested that she be allowed to remain at the Covington Post Office as a flexible clerk rather than transfer to Staunton as a regular clerk. This request was granted and on November 27, 1972, Wiseman reverted to a part-time position.

On June 1, 1973, Regular Clerk Ruby E. Miller retired and on June 30, 1973, Regular Clerk Harry Smith retired bringing the regular clerk complement to the recommended staff of five. In early June, 1973, Regular Clerk Gratton Wood left the Covington Post Office on sick leave and subsequently retired on disability effective October 30, 1973.

After the retirement of Regular Clerks Miller and Smith, Postmaster Phillips did not fill the vacancies created by their retirement and Plaintiffs Wiseman and Raether, as the two most senior flexible clerks, felt they were thusly being discriminated against. Wiseman and Raether filed formal complaints of discrimination with the Employee and Labor Relations Group of the U. S. Postal Service. The complaints were investigated and on February 26, 1974, the Assistant Regional Postmaster General for Labor Relations, Eastern Region, U. S. Postal Service, held that there was no discrimination in Postmaster Phillips' decisions not to promote the plaintiffs to regular clerks. The plaintiffs next requested a hearing and a hearing was held on May 7, 1974, before Complaints Examiner Tecco of the U. S. Civil Service Commission. Tecco's summation of the hearing and his conclusions are contained in the case file and reveal that he found no discrimination in Postmaster Phillips' decision to revert Wiseman to a part-time position; no discrimination in Postmaster Phillips' decision not to promote Wiseman and Raether to full-time status after the retirement of two other regular clerks; and no harassment of either plaintiff. On July 25, 1974, these

findings became the final decision of the Office of Equal Employment Compliance when the Director of this office notified plaintiffs of his decision to follow the determinations of the Complaints Examiner. Plaintiffs Wiseman and Raether received notice of their right to file an action in this District Court on July 26 and July 27, 1974, respectively. Suit was filed in this court on August 26, 1974.

### A.

Plaintiffs Wiseman and Raether assert as a basis for their claim that the action arises under 42 U.S.C. § 1981. Wiseman and Raether are not alleging racial discrimination, but only sex discrimination and this court holds that § 1981 does not take cognizance of sexual discrimination, but only of racially motivated discrimination. *See Willingham v. Macon Telegraph Publishing Co.*, 482 F. 2d 535, 537 n.1 (5th Cir. 1973); *League of Academic Women v. Regents of Univ. of Cal.*, 343 F.Supp. 636 (N.D.Cal.1972); *Fitzgerald v. United Methodist Community Center*, 335 F.Supp. 965 (D.Neb. 1972).

### B.

Plaintiffs also assert that this action arises under 42 U.S.C. § 1982. However, no allegation by plaintiffs even remotely refers to a denial of any property rights and therefore § 1982 is not applicable to plaintiffs' employment grievances.

### C.

Plaintiffs have asserted that this action arises under 42 U.S.C. § 1983 which creates a remedy to redress a deprivation, under color of state law, and is directed to state wrongdoing only, but does not apply to federal officers nor private individuals, unless they are acting under color of state law. Since there is no state action, not even colorable state action, plaintiffs' grievances are not cognizable under 42 U.S.C. § 1983. (*See Roots v. Callahan*, 475 F.2d

751 (5th Cir. 1973); *Williams v. Rogers*, 449 F.2d 513 (8th Cir. 1971).

### D.

Plaintiffs finally assert that this court has jurisdiction by virtue of 42 U.S.C. § 2000e–16. Although plaintiffs did not file this suit until thirty-days had elapsed after the receipt of the "right to sue" letter, because the notice was mailed to plaintiffs, they are granted an extra three-day grace period through the provisions of Rule 6(e) of the Federal Rules of Civil Procedure. This three-day grace period causes the complaint to be filed timely.

Thus, the case is before the court solely by virtue of 42 U.S.C. § 2000e–16 which covers employees in the United States Postal Service. This court holds that the "civil action" which is granted to federal employees under 42 U.S.C. § 2000e–16 does not require a federal district court to hold a trial *de novo*, but only requires a review of the administrative record. To hold otherwise would frustrate the expertise and experience of the Equal Employment Opportunity Office and cause a needless duplication of effort. Therefore, this civil review will be limited to a consideration of the administrative determinations and any other supplemental documents filed by the respective parties. (*See Handy v. Gayler*, 364 F.Supp. 676 (D.Md.1973), *Tomlin v. United States Air Force Medical Center*, 369 F.Supp. 353 (S.D.Ohio, W.D.1974).

Reviewing the administrative findings, this court agrees with the determination of the Director of the Office of Equal Employment Compliance that there was no sexually motivated discrimination by Postmaster Phillips at the Covington Post Office. Plaintiff Wiseman was the most junior regular clerk when she was reverted to a part-time status and Postmaster Phillips gave her an opportunity to retain a full-time position by detailing her at the Staunton Post Office. The decision not to promote Wiseman and Raether was

clearly reasonable in light of the recommendations by the Annual Service and Financial Audit Inspection. Regarding the alleged harassment which plaintiffs claim they have suffered, the report by Complaints Investigator Tecco contains testimony from six employees at the Covington Post Office, including two female employees, who state they did not believe there is any discrimination whatsoever at the post office.

Based upon this evidence and with no documents or other legal evidence to the contrary; this court finds that Plaintiffs Wiseman and Raether have not suffered sexually motivated discrimination from the defendants. Accordingly the court grants defendants' motion for summary judgment and orders their complaint dismissed and stricken from the docket.

### II

The factual background surrounding Plaintiff Arnold's grievances is quite distinct from those of Raether and Wiseman. Plaintiff Arnold, a black female, is a Level 2 cleaner, employed on a part-time flexible schedule, at the Covington Post Office. Prior to February, 1974, she had been working as much as thirty hours a week, but immediately before February, she took large amounts of sick leave, annual leave, and leave without pay. During her absence the Postmaster was able to determine that the two full-time custodians were performing the maintenance functions adequately and that therefore Arnold's services were not needed on the same time schedule. The Postmaster has since limited the hours which Arnold works.

Arnold filed a complaint with the National Labor Relations Board on July 9, 1974, and said complaint was dismissed by the Regional Director with a finding of no racial and no sexual discrimination. Arnold also filed a complaint with the Office of Employee Relations, U. S. Postal Service, Eastern Region. An affidavit dated October 4, 1974, by the Director of this Regional Office states

that "Arnold's case has been completely investigated by the Agency. However, no agency decision has been rendered . . ." On October 8, 1974, Arnold voluntarily withdrew her complaint waiving her rights to further appeal.

### A.

■ As previously discussed in connection with Plaintiffs Wiseman's and Raether's complaints 42 U.S.C. §§ 1982 and 1983 do not afford plaintiffs a basis for allegations of employment discrimination by a federal agency. For the same reasons stated above, these sections do not afford Plaintiff Arnold a cause of action.

### B.

■ However, since Plaintiff Arnold has alleged racial discrimination, 42 U.S.C. § 1981 does afford her a cause of action. This court also notes that jurisdiction would be proper under 42 U.S.C. § 2000e–16, but that statute unquestionably requires an exhaustion of administrative remedies, which has not been achieved by Arnold. This court feels that policy considerations and conservation of judicial resources also require that administrative remedies be exhausted before Arnold can bring an action under 42 U.S.C. § 1981. The administrative processes of the postal services are designed to deal with complaints of racial discrimination and its ability to police its own functions with respect to discrimination in employment on the basis of race should not be undermined by a deliberate bypassing of their remedial processes. (*See Beale v. Blount*, 461 F.2d 1133 (5th Cir. 1972)). Arnold withdrew her complaint which was pending before the Office of Employee Relations, and which had been investigated, before a determination could be rendered. In doing so she deprived this court of an opportunity to gain valuable and expert analysis of the merits of her case. This court requires Arnold to exhaust her available administrative remedies before filing an action in this court.

Therefore, this court orders that Plaintiff Arnold's complaint be dismissed and stricken from the docket and not refiled until she has exhausted the available administrative remedies.

### III

(A) For reasons stated above, the court grants summary judgment to defendants and orders that judgment be entered against Plaintiffs Wiseman and Raether.

(B) The court further orders that Plaintiff Arnold's complaint be dismissed until the available administrative remedies have been exhausted.

(C) The court orders that this case be stricken from the docket.

(D) The clerk is directed to certify copies of this opinion and judgment to counsel of record.