Otis LEE, Jr., Plaintiff,

v.

Patrick MINNOCK and Minnock Construction Company, Defendants.

Civ. A. No. 75–657.

United States District Court,
W. D. Pennsylvania.

Aug. 5, 1976.

Otis Lee, Jr., pro se.

Ludwig, Elder & Achman, Pittsburgh, Pa., for defendants.

## OPINION

COHILL, District Judge.

This case comes before the court on Defendants' Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, which states:

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

As will be seen, matters outside the pleadings have been presented to and not excluded by the court in this case; this motion, therefore, will be treated as one for summary judgment under Rule 56.

We will grant the motion.

Plaintiff, a tenant of the defendant landlords, alleged in his complaint that the defendants "caused gases, fumes, and noxious vapors to come up through the heating plant" into his apartment. He alleged that the landlords were doing this intentionally "for the sole purpose of forcing the plaintiff from premise" because plaintiff "is a negro and a male nurse."

The plaintiff alleged that defendants' conduct violated the Civil Rights Act of 1866 ("Civil Rights Act") and the Fair Housing Act of 1968 ("Fair Housing Act").

The Civil Rights Act states:

"All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Act of April 9, 1866, c. 31, Section 1, 14 Stat. 27, 42 U.S.C. Section 1982.

The Fair Housing Act provides in part that it shall be unlawful:

"(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex or national origin.

(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, or national origin."

As amended Pub.L. 93–383, Title VIII, Section 808(b)(1), Aug. 22, 1974, 88 Stat. 729, 42 U.S.C. Section 3604.

Defendants generally denied the allegations of the complaint in their answer and, in a counterclaim, sought to recover rent they claimed plaintiff owed and a judgment evicting plaintiff from the premises.

In an Opinion dated December 15, 1975, Judge Ralph Scalera, formerly of this court, considered the motion of defendants for a default judgment under Rule 55 of the Federal Rules of Civil Procedure and the motions of plaintiff for a Temporary Restraining Order against defendants and for a jury trial. All three of the motions were denied, except that plaintiff was given ten days to file "appropriate material setting forth reasons to account for the untimely filing of his demand" for a jury trial, and defendants were given ten days to file appropriate material setting forth reasons why their counterclaim should not be dismissed as being outside the jurisdiction of the court.

I

## DEFENDANTS' COUNTERCLAIM

The defendants have not filed any material to support their counterclaim, and, therefore, pursuant to the Order filed by Judge Scalera, the counterclaim is dismissed.

## II

### DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

The court scheduled the argument on defendants' motion for June 29, 1976 and ordered briefs to be filed in support of the motion. Plaintiff did not file a brief, although he left at the Clerk of Court's office the notice of the scheduled argument which he had received, having written on it "demand for Jury Trial F.R.C.P. 38(b)."

On June 29, after waiting for the plaintiff to appear until well beyond the time scheduled for argument, the Court in plaintiff's absence heard defendants' argument and then took the matter under advisement.

Plaintiff says he is being discriminated against because the defendants are permitting noxious gases or fumes to enter his apartment because he is a black male nurse.

We note that the Lease (Exhibit A of defendants' answer) between plaintiff and defendant, Patrick Minnock, was for a period of one year commencing February 1, 1975 and ending January 31, 1976, some eight months ago. As of the last pleadings filed in this matter, plaintiff still was living in the apartment and still had not paid rent to defendant landlord since March, 1975.

In their Motion for Judgment on the Pleadings defendants incorporated by reference the interrogatories and affidavits filed concerning this matter. It is the inclusion of the interrogatories and affidavits ("matters outside the pleadings") which causes us to treat this motion as one for summary judgment pursuant to Rule 56, as provided in Rule 12(c).

Fed.R.Civ.P. 56(c) provides in part:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Summary judgment may be granted only if:

". . . the court is convinced from its review of the evidential sources available that no genuine issue as to a material fact remains for trial, and that the moving party is entitled to judgment as a matter of law." *Scott v. Plante,* 532 F.2d 939, 945 (3rd Cir. 1976), and cases cited therein.

The court in ruling upon a summary judgment motion must take the non-movant's allegations as true and must resolve all doubts, inferences and issues of credibility in his favor. *Scott, supra,* 532 F.2d at 945; *Smith v. Pittsburgh Gage and Supply Co.,* 464 F.2d 870 (3d Cir. 1972).

Defendants submitted an affidavit together with their memorandum in support of their motion for default judgment, which states that the apartment building in question consists of forty-six units, of which "at least forty" are rented to black individuals, "some of which are employed as black male nurses." The affidavit also stresses that financial criteria are used to determine a prospective tenant's acceptability and that there are no provisions or questions in the application regarding race, creed or national origin. Defendant Minnock asserts that he does not maintain any type of record concerning an applicant's race, creed or national origin.

Defendants also had an employee inspect plaintiff's apartment and heating system; the affidavit states that he found the heating system to be in proper working order and that there was no evidence of any gases, fumes, or other vapors emanating from it.

Defendants contend that if they rent forty out of forty-six apartments to black persons, they cannot be discriminating against black persons.

In addition, plaintiff is faced with the fact that the apartment *was* rented to him; he was not denied a lease.

### A.

#### The Civil Rights Act

■ The Civil Rights Act of 1866 has a broad reach and prohibits all racially-moti-

vated discrimination in the sale or rental of property, whether public or private. *Jones v. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); *Haythe v. Decker Realty Co.,* 468 F.2d 336, 338 (7th Cir. 1972).

Its applicability, however, is limited to cases of *racial* discrimination, *Jones v. Mayer Co., supra; Arnold v. Tiffany,* 359 F.Supp. 1034 (C.D.Cal.), aff'd 487 F.2d 216 (9th Cir. 1973), cert. denied 415 U.S. 984, 94 S.Ct. 1578, 39 L.Ed.2d 881 (1974).

Plaintiff has not set forth any facts to rebut the defendants' averment that their conduct is not racially motivated. Defendants support this statement in their affidavit by asserting that eighty-seven percent of the apartment units are occupied by black people.[1] Plaintiff has produced no evidence to the contrary.

The other two bases of plaintiff's complaint are that he was discriminated against because of his sex and his occupation. Discrimination because of sex is not a basis for redress under Section 1982, *Raether v. Phillips,* 401 F.Supp. 1393 (W.D.Va. 1975); *Knott v. Missouri Pacific Railroad Co.,* 389 F.Supp. 856 (E.D.Mo.), aff'd 527 F.2d 1249 (8th Cir. 1976). Similarly, there is no authority even remotely suggesting that Section 1982 may be invoked because of discrimination based upon one's occupation. Discrimination because of race is the conduct proscribed by Section 1982, *Jones v. Mayer Co., supra,* regardless of the presence of discrimination motivated by other reasons, e. g. *Haythe v. Decker Realty Co.,* 468 F.2d at 338. Therefore, plaintiff's allegations regarding discrimination on sexual and occupational grounds are irrelevant in determining whether this Civil Rights Act has been violated.

Summary judgment must therefore be granted against Plaintiff as to this particular claim.

## B.

### The Fair Housing Act

Plaintiff also asserts that defendants' conduct violates the Fair Housing Act of 1968.

The relevant portion of that statute, 42 U.S.C. Section 3604(b), makes it unlawful to discriminate because of race, color, religion, *sex* or national origin. Assuming *arguendo* that there is no impropriety in applying this section to the factual circumstances before the court, i. e., where a plaintiff claims he is being forced to vacate his apartment by virtue of discriminatory conduct on the part of the owner who initially rented the unit to the plaintiff, the claim as to discrimination must fail for the same reasons the Section 1982 claim failed. Plaintiff has failed to rebut with specific facts defendants' averment that they do not discriminate upon racial or sexual grounds, which averment is supported by their affidavit and interrogatories asserting an eighty-seven percent occupancy rate by black individuals, some of whom are males. Thus, plaintiff has not raised any issue as to these material facts, and the entry of summary judgment is appropriate.

We note that the Fair Housing Act does not include in its proscription discrimination upon the basis of occupation. Thus, plaintiff's claim as to such discrimination cannot be redressed under this statute.

Summary judgment having been granted, the question of the timeliness of plaintiff's demand for a jury trial becomes moot.

An appropriate order will be entered.

---

1. The use of statistics as a method of establishing discrimination or its absence is permissible, see *Weathers v. Peters Realty Corp.,* 499 F.2d 1197, 1201–1202 (6th Cir. 1974). See also *United States v. International Union of Elevators Constructors, Local Number 5,* 538 F.2d 1012 (3d Cir. 1976), indicating the propriety of statistical evidence in establishing an alleged Title VII violation.