478 F.Supp. 355 (1979)
Fonda FANTROY; Kathleen Barr, a minor by Mary V. Barr, her mother and next friend; Carolyn Koenig; Miriam Mintzer; Eileen Pilla, Plaintiffs,
v.
GREATER ST. LOUIS LABOR COUNCIL, AFL-CIO; United Labor Committee of Missouri, District Nine I.A.M.A.W., Local Lodge 41, I.A.M.A.W., Robert Kelly; Leo Whitrock; Richard Mantia, Paul Mosley, Thomas Moran, Eugene Camp, Leonard Griggs, Fairris, Kenneth Bisso, Sargeant Self, Randy Becker, Charles Jarnagin, I. E. Pruneau, Janet Davis, Deborah Currie, Terry Bowman, Thomas Hartzell, William Been, Kermit Burrows, Michael Gault, Lloyd George, Leo Glass, William Gaukel, Sue Hatton, Roy Hertzel, Glen Hickey, John Kenny, Sandi Kramer, Greg Leber, Larry Marsh, William Mosby, Joseph Murawski, James O'Connor, Joseph Pretti, Ray Rabadeaux, James Robinetti, William Seibel, Cecil J. Stocker, William Stubbs, Marvin Timmerberg, Nicholas Torpea, Edward Waldman, George Young, Marie Betsy, Betty, Mr. Blankenship, John Doe, Richard Doe, and all others acting in concert or otherwise participating with them or acting in their aid or behalf, including unnamed officers of the St. Louis Police DepartmentDefendants;
United Labor Committee of MissouriIntervenor-Defendant.
No. 78-1101C(4).
United States District Court, E. D. Missouri, E. D.
September 28, 1979.
*356 Thomas J. Ray, Asst. City Counselor, St. Louis, Mo., for Moran, Craft, Camp, Griggs and Farris.
John M. Hessel, Evans, Hoemeke & Casey, St. Louis, Mo., for Kenneth Bisso.
Joseph M. Kortenhof and Amy R. Reichman, Kortenhof & Ely, St. Louis, Mo., for Charles Jarnagin.
Richard M. Marshall (Local), Marshall, Littman & Ragland, St. Louis, Mo., Baker Armstrong Smith, Atlanta, Ga. and Thomas J. Brackett, Center on National Labor Policy, Inc., Arlington, Va., for plaintiffs.
Clyde E. Craig (Local), Wiley, Craig, Armbruster, Wilburn & Mills, St. Louis, Mo., James G. Walsh, Jr., Jolley, Moran, Walsh, Hager & Gordon, Kansas City, Mo., for intervenor-defendant.
Ward Fickie, Biggs, Casserly, Barnes, Fickie & Wolf, St. Louis, Mo., for Greater SL Labor Council, Robert J. Kelley, Lloyd George, Ray Rabadeaux, Michael Gault, James O'Connor, Paul Moseley, Dorothy Steinman, William Been, Glennon Hickey, Edward Waldman and Elmer Steinman.
R. J. Robinson, Pannell, Dodson & Robinson, Festus, Mo., for Self, Pruneau, Becker and Hartzell.
William H. Bartley, John H. Goffstein, Bartley, Goffstein, Bollato & Lange, Clayton, Mo., for Torpea, Mantia, Leber, Bowman and Pretti.
Jerome A. Diekemper, Cary W. Hammond, Richard E. Shinners, Diekemper, Hammond & Shinners, St. Louis, Mo., for Betsy, Ferrara, Findlay, Gehrs, Hatton, Houston, Jersa, Kenny, Kramer, Marsh, Meyer, Murawski, Burrows, Spanberger, Stocker, Timmerberg, Young, District # 9, IAMAW, & Local Lodge 41, IAMAW.
Jerry J. Murphy, Clayton, Mo., for Leo Whitrock.
Prudence W. Kramer, Sommers & Holloran, Inc., St. Louis, Mo., for Davis.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court on the motions of defendants Marsh, Stocker, Young, Bowman, Mantia, Pretti, Leber, District No. 9 and Local Lodge 41 International Association of Machinists and Aerospace Workers for summary judgment. Plaintiffs filed this complaint against numerous named and unnamed defendants under the Civil Rights Acts, 42 U.S.C. §§ 1981-1985, alleging a widespread conspiracy to thwart plaintiffs' efforts for the passage of a "Right-to-Work" amendment in Missouri.
Plaintiffs' complaint is in eleven counts, with varying defendants in each. Counts I, II, IV, V, VI, VII and VIII include as defendants unspecified members of the "Union Protestors". "Union Protestors" is defined earlier to encompass approximately forty individual defendants, including defendants Pretti, Leber, Marsh, Stocker, Young, District No. 9, and Local Lodge 41. Except for defendant Pretti, who is mentioned individually once in Count IV, these defendants are named in the complaint only within the group designation of "Union Protestors". Since these defendants are defined earlier as within this group designation, the allegations referring only to "Union Protestors" are sufficient to assert claims against these individuals. Means v. Wilson, 522 F.2d 833 (8th Cir. 1975); cert. denied 424 U.S. 958, 96 S.Ct. 1436, 47 L.Ed.2d 364 (1976).
These defendants have now submitted affidavits claiming to have no knowledge of the events alleged in the complaint and no connection whatsoever with any alleged conspiracy, as have defendants Bowman and Mantia as to the allegations which refer to them in Counts I and IV, respectively. Plaintiffs, in response, have pointed to materials uncovered during discovery *357 which connect these defendants, at least in some small way, with the allegations in the complaint. Whether or not plaintiffs will eventually be able to prove the widespread conspiracy which they allege is unclear at this time. It is apparent, though, that there are issues of fact remaining as to these defendants' involvement and that summary judgment is therefore inappropriate.
The defendants also move for summary judgment on several counts claiming that the sections of the Civil Rights Acts on which plaintiffs rely will not support their cause of action. In Count I, plaintiffs rely partially on 42 U.S.C. § 1982. This section is designed only to protect against racial discrimination. Knott v. Missouri Pacific R. Co., 389 F.Supp. 856 (E.D. Mo.1975); Lee v. Minnock, 417 F.Supp. 436 (W.D.Pa.1976), aff'd 556 F.2d 567 (3rd Cir. 1977). Plaintiffs do not allege any racial discrimination, but rather discrimination on account of their political beliefs. Therefore, defendants' motion for summary judgment as to plaintiffs' § 1982 claims will be granted. This same result is dictated as to defendants' motion for summary judgment as to plaintiffs' claim for relief based on 42 U.S.C. § 1981 in Count VIII. DeGraffenreid v. General Motors Assembly Div., 558 F.2d 480 (8th Cir. 1977); Patterson v. American Tobacco Co., 535 F.2d 257 (4th Cir. 1976).
Finally, defendants assert that 42 U.S.C. § 1985(3) will not support a claim of discrimination against a person as a member of a group with certain political beliefs. In Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court held that 42 U.S.C. § 1985(3) provided a cause of action against private conspiracies motivated by an invidiously discriminatory animus toward a racial group or other type of class. The Eighth Circuit has applied this holding to prohibit discrimination against persons as supporters of a political candidate or members of a political movement. Means v. Wilson, supra. Therefore, defendants' motion for summary judgment with respect to the § 1985(3) claims will be denied.