Tamara BAILEY and Nancy Blake, Plaintiffs,

v.

BOILERMAKERS LOCAL 667 OF the INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, Iron Shipbuilders, Blacksmiths, Forgers and Helpers; Southeastern Area Joint Apprenticeship Committee; William McCormack, in official capacity as Managing Agent of Local 667, and Richard E. Bradley, President of Boilermakers Local 667, or his successor in office, in his official capacity, Defendants.

Civ. A. No. 79–0004–P(H).

United States District Court,
N. D. West Virginia,
Parkersburg Division.

Nov. 29, 1979.

J. David Cecil, Charleston, W. Va., for plaintiffs.

Robert J. Smith, Charleston, W. Va., for defendants.

## MEMORANDUM AND ORDER

HADEN, District Judge.

Presently pending before the Court are motions to quash service of process or in the alternative to dismiss for failure to obtain jurisdiction over the person of defendant SAJAC, or insufficiency of service of process on the defendant SAJAC. The defendant, Boilermakers Local 667 does not question the *in personam* jurisdiction of the Court. Also pending are motions to dismiss filed by both defendants which, if successful, on the various grounds alleged would be dispositive of this action.

Plaintiffs commenced this civil action on January 15, 1979, against Boilermakers Local 667 et al., and against Southeastern Area Joint Apprenticeship Committee hereinafter referred to as SAJAC claiming violations of the Fifth and Fourteenth Amendments to the United States Constitution and violation of the following statutes: 42 U.S.C. § 1981, § 1983, § 1985(3), § 1988 and § 2000e *et seq.*, and 29 U.S.C. § 151 *et seq.*

The gravamen of plaintiffs' complaint is that the defendants jointly or in concert or as agents for one another discriminated against the plaintiffs by refusing to admit them to an apprenticeship program operated by SAJAC at the direction of Local 667 and thus denied plaintiffs the potential of becoming union members which in turn would provide them more work and greater wages. Integral to these claims is a further allegation of plaintiffs that Local 667 is the exclusive bargaining agent for all those possessing boilermaker skills in 54 of the 55 counties of West Virginia. The plaintiffs allege that the discrimination practiced by the defendants in the foregoing areas was done by reason of their sex.

The plaintiffs are both female with at least some experience in the boilermaker trade. Both filed applications for admittance to the boilermaker apprenticeship program and both took the apprenticeship examination administered on February 20, 1978. Neither have been admitted to the program and both assert that they have been denied admittance because of their sex. To support their allegations of gender discrimination, plaintiffs aver that there is only one female member of Local 667, although the membership exceeds 850 people and that the defendants discourage attempts of women to gain admission to the boilermaker apprenticeship program or to

inform them they may obtain work as boilermakers.

Local 667 is a labor organization and an unincorporated association with geographical jurisdiction covering every county in West Virginia except Hancock County. SAJAC is a joint labor-management committee which supervises and controls the boilermaker apprenticeship program in several states including West Virginia. It is alleged to operate out of an office · in Charleston, West Virginia.

Plaintiffs filed charges of discrimination with the West Virginia Human Rights Commission and the Equal Employment Opportunity Commission alleging that they had been denied admission to the boilermaker apprenticeship program because of their sex. It appears uncontroverted that plaintiffs have thus exhausted any available state remedies or administrative remedy prior to the institution of this action. In that regard, plaintiffs received their right to sue notices from the EEOC by letter dated October 12, 1978, which were received by them October 16, 1978 by service on their lawyer. This action was instituted on Monday, January 15, 1979.

This Court will deal with defendants' motions *seriatim* beginning with SAJAC's attack on sufficiency of process.

### I.

### DEFENDANT SAJAC'S MOTION TO QUASH SERVICE OF PROCESS, OR IN THE ALTERNATIVE, TO DISMISS PLAINTIFFS' COMPLAINT

The defendant SAJAC has moved the Court pursuant to *Rules* 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure to quash service of process against it, or in the alternative, to dismiss plaintiffs' complaint as to it for lack of jurisdiction over the person and because of insufficiency of service of process. It contends specifically that Billy Williamson, the purported recipient agent of the service of process, is not and has not, in fact, ever been an agent appointed for that purpose nor is he, for that matter, a member of the SAJAC committee. It further contends, and the record

so reflects, that no return of service was made by the person appointed to make service that would reflect service of process upon SAJAC as an entity, unincorporated or otherwise.

■ SAJAC, as an unincorporated association, is a suable entity under one of the methods authorized by *Rule* 17(b) of the Federal Rules of Civil Procedure. It may be served pursuant to *Rule* 4(d)(3), Federal Rules of Civil Procedure. Such service must be made on an officer, a managing or general agent, and when service is made upon an agent he must be a person of sufficient character and rank to make it reasonably certain that the unincorporated association will be apprised of service made through that agent. *Bailey v. Transportation-Communication Employees Union*, 45 F.R.D. 444 (D.Miss.1968).

■ It appears to this Court that the plaintiffs have failed to obtain jurisdiction over the person of SAJAC, an unincorporated association, and the Court notes that plaintiffs have not countered the assertion that no member of SAJAC's committee has been properly served. It further appears that there was no attempt made to make proper return upon SAJAC through recognition of any of the recipients of process as an agent of SAJAC.

■ Nevertheless, the defects are curable. This Court has discretion to retain the case and yet quash the service of process colorably made upon the defendant, SAJAC. If the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service. *Stern v. Beer*, 200 F.2d 794 (6th Cir. 1952); *Buck v. Union Trustees of Plumbers and Pipefitters National Pension Fund*, 70 F.R.D. 530 (E.D.Tenn.1976).

### II.

### DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION UNDER 42 U.S.C. § 1981

■ Plaintiffs' complaint fails to allege a cause of action cognizable under 42 U.S.C.

§ 1981 since that statute is applicable only to allegations of racial discrimination, which are wholly absent here. The statute is not addressed to categories of selectivity based on sex. *Runyon v. McCray*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Raether v. Phillips*, 401 F.Supp. 1393 (W.D. Va.1975).

### III.

### DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION AND UNDER 42 U.S.C. § 1983

█ In conclusory language, plaintiffs allege that the defendants by their acts, practice and conduct "under color of state law" have subjected plaintiffs to discrimination based solely on sex in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution and 42 U.S.C. § 1983. *State Action* is alleged to have occurred as follows: SAJAC because its apprenticeship program is registered with the United States Department of Labor; and Local 667 because it is the agent for referral of employees to boilermaker construction jobs in 54 of the 55 counties of West Virginia and because much of that construction is partially or wholly publically financed. Defendants counter that the above allegations wholly fail to demonstrate State Action.

This Court agrees with defendants. SAJAC cannot be made subject to claimed violations of the Fourteenth Amendment and 1983 since, under these facts, state nexus is wholly absent and derivative federal abuses, if any, are not actionable under the Fourteenth Amendment and 1983. *District of Columbia v. Carter*, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973).

█ Local 667 does not become an agent of the State or operate under authority of state law merely because of its status as labor provider for construction work which may be financed, in some aspect, by public funds. To invoke State Action the conduct of the state must be involved not simply with some activity of the institution alleged to have inflicted injury upon a plaintiff but with the activity which caused the injury. *Powe v. Miles*, 407 F.2d 73 (2nd Cir. 1968). There is no direct state involvement with the hiring practices of Local 667, the activity alleged to have caused the injury herein. There is no contract between Local 667 and the State. State money is not received directly by the union nor can ordinary contracts between the State and contractors be said to join the union with the State or contractors as partners or joint venturers. See *Byrd v. Local Union No. 24, Int. Bro. of Electrical Wkrs.*, 375 F.Supp. 545, 550–551 (D.C.Md.1974). Purely private action, whether discriminatory or not, is not prohibited by § 1983. *Adickes v. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). See also *Moose Lodge, No. 107 v. Irvis*, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972).

### IV.

### DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION UNDER 42 U.S.C. § 1985(3)

█ Plaintiffs allege that defendants have conspired in violation of 42 U.S.C. § 1985(3) to deprive them of federally protected rights secured or given by the Fifth and Fourteenth Amendments to the Constitution, 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 and the National Labor Relations Act. Defendants counter that plaintiffs have failed to plead facts supporting a conspiracy theory with specificity and that none of the above constitutional or statutory provisions provide bases to support an actionable conspiracy under § 1985(3).

The defendants' first contention must fail when tested by a motion to dismiss because the motion must be denied unless plaintiffs cannot state a cause of action under any circumstances. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Plaintiffs have broadly alleged a conspiracy by

defendants to deny them access to employment by reason of sexual discrimination and have alleged basic facts, including discriminatory *animus*, to support that claim. See *Hodgin v. Jefferson*, 447 F.Supp. 804 (D.Md. 1978); *Novotny v. Great American S. & L. Assn.*, 584 F.2d 1235 (3rd Cir. 1978); *Donnell v. General Motors Corp.*, 576 F.2d 1292 (8th Cir. 1978); *Cf., Wetherington v. Phillips*, 380 F.Supp. 426 (E.D.N.C.1974) *affd.* 526 F.2d 591 (4th Cir. 1975). These allegations are satisfactory, assuming for the moment, that plaintiffs properly have alleged that they have been deprived of one or more federally protected rights. *Doski v. M. Goldseker Co.*, 539 F.2d 1326 (4th Cir. 1976).

*Doski* also clearly holds that § 1985(3) is not an available mechanism to enforce rights created by Title VII, *id.* at 1334, nor does it provide a cause of action for violation of rights flowing directly and exclusively from the Fourteenth Amendment, *id.* at 1333. For reasons explicated in Part III *supra*, this Court is of the opinion that the discrimination alleged is "private" in source and that no restatement of fact can make it public or involve State Action. Consequently, the law of this Circuit concludes against plaintiffs being able to state a cause of action under § 1985(3) for abridgment of federally protected rights under the Fourteenth Amendment, Title VII or 42 U.S.C. § 1983.

 Plaintiffs likewise have failed to invoke properly the denial of Fifth Amendment right as a basis to support § 1985(3) conspiracy. While the newly decided *Davis v. Passman*, —— U.S. ——, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) implies and secures to a woman a private cause of action and the right to be free from gender discrimination under the Equal Protection component of the Fifth Amendment when such discrimination does not serve important governmental objectives or is not substantially related to the achievement of the same, it does not give that right *against* a private person. To support that cause of action, the defendant must be the federal government, an agent, servant or "partner" of the

same. Where, as here, the person or institution is purely "private", no Fifth Amendment right is implicated. *Local 1498, Am. Fed. of Gov. Emp. v. American Fed. of Gov. Emp.*, 522 F.2d 486, 492 (3rd Cir. 1975); *Public Utilities Comm. v. Pollak*, 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068 (1952).

 It is the opinion of the Court, however, that plaintiffs have met the requirement of alleging that the defendants have conspired (or acted "in concert") to deprive them of a federally protected right to have fair representation from the union. For reasons set forth in Part V *infra*, this Court holds that defendant, Local 667 is the statutory bargaining agent for plaintiffs and that plaintiffs are, by operation of law, members of the bargaining unit to be protected. *Byrd v. Local 24, Int. Bro. of Elect. Wkrs., supra.* Further, one of the tripartite obligations of the union is that it must treat all factions of its membership, including women, without *discrimination*. *Griffin v. U. A. W.*, 469 F.2d 181 (4th Cir. 1973). Such federally protected rights coupled with an adequately specific allegation of conspiracy state a cause of action under § 1985(3).

## V.

### DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION UNDER THE "DUTY OF FAIR REPRESENTATION" CLAIM

 Although plaintiffs claim that they have been denied their right to fair representation under the National Labor Relations Act, 29 U.S.C. § 151, *et seq.*, and that act arguably places it within the jurisdictional ambit of the National Labor Relations Board, this Court, nevertheless, has subject matter jurisdiction and is a proper forum within which to litigate a "duty of fair representation" claim. The Supreme Court so held unequivocally in the case of *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

The question remains, however, whether these plaintiffs who are not union members, have standing to assert a breach of the duty

of fair representation upon the local and SAJAC. Both female plaintiffs allege to have been denied referral and union membership. They contend that pursuant to Section 9 of the NLRA, 29 U.S.C. § 159 *, Local 667 is the exclusive collective bargaining agent for workers possessing boilermaker skills in 54 of the 55 counties of West Virginia, and as such, it has a duty to represent both union and non-union boilermakers.

▬ The construction industry is unusual in that Section 8(f) of the NLRA, 29 U.S.C. § 158(f), allows building trades unions (one of which is the boilermakers) to contract with employers in behalf of boilermakers who are not yet employed. 29 U.S.C. § 158(f)(3) also allows for the contractual establishment of a hiring hall or a pool of persons out of which a union may refer qualified applicants for jobs with particular employers. Unions have a statutory duty to refer both union and non-union workers without discrimination in favor of union members. *Teamster Local 357 v. NLRB*, 365 U.S. 667, 81 S.Ct. 835, 6 L.Ed.2d 11 (1961); *Local 100 v. Borden*, 373 U.S. 690, 83 S.Ct. 1423, 10 L.Ed.2d 638 (1963).

▬ Thus, all persons who have registered for referral, applied for the apprenticeship program and who are qualified applicants for jobs with employers in 54 of West Virginia's 55 counties are within the unit represented by Local 667. As members of the unit plaintiffs Bailey and Blake are entitled to the same representation granted by Local 667 to its own union members. Any refusal by Local 667 to refer Bailey and Blake for employment as alleged then could constitute a breach of the union's duty of fair representation, regardless of whether the refusal to refer was motivated by sexual discrimination or by discrimination in favor of union members, or both. *Vaca v. Sipes, supra*. Such allegations as made by the plaintiffs and summarized by the Court are sufficient to allege a case or controversy and sufficient to establish these plaintiffs' standing to sue. See *United*

*States v. SCRAP*, 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973).

This ruling applies to both defendants since it is alleged that the defendant SAJAC functions as an agent of Local 667 in screening procedures for union membership and in hiring procedures. See generally *Byrd v. Local Union No. 24, Int. Bro. of Electrical Wkrs.*, 375 F.Supp. 545, 552–554 (D.Md.1974).

### VI.

### DEFENDANTS' MOTION TO DISMISS THE TITLE VII CLAIMS BECAUSE OF PLAINTIFFS' FAILURE TO COMMENCE THIS ACTION SEASONABLY

▬ For purposes of this motion, defendants concede that plaintiffs have stated a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended. They contend and, correctly so, that the requirement of § 2000e–5(e), that the aggrieved party must bring a civil action within ninety days of receiving her right to sue notice, is jurisdictional and the failure to bring the action in time is a bar to the action. For reasons which follow, this Court is of the opinion that the action was filed seasonably.

The notice of right to sue forwarded by the EEOC was received by plaintiffs through their counsel on October 16, 1978. The civil action charging Title VII violations was instituted on Monday, January 15, 1979.

The statute provides that if a charge filed with the Equal Employment Opportunity Commission is not acted upon by the Commission within a certain time or times prescribed by the statute,

> "The Commission, . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved . . . ." Title VII of the Civil Rights

---

* See also Section 8(f), 29 U.S.C. § 158(f).

Act of 1964, as amended effective March 24, 1972, 42 U.S.C. § 2000e–5.

■ The ninety day limitation provision applying to the private litigant is jurisdictional and thus, the Court is not to consider the resulting inequities of the particular case. *Stebbins v. Nationwide Mut. Ins. Co.,* 469 F.2d 268 (4th Cir. 1972), *cert. denied,* 410 U.S. 939, 93 S.Ct. 1403, 35 L.Ed.2d 606 (1973).

"Once the time within which a private [Title VII] action may be filed commences to run it survives for a period of ninety days, after which it is forever extinguished." Haynsworth, C. J. *EEOC v. Cleveland Mills Co.,* 502 F.2d 153, 156 (4th Cir. 1974).

■ The ninety day limitation period begins to run from the date of receipt of notice and not the date the notice was mailed by the Commission to the aggrieved private person. *Russell v. American Tobacco Co.,* 528 F.2d 357 (4th Cir. 1974), *cert. denied,* 425 U.S. 935, 96 S.Ct. 1666, 48 L.Ed.2d 176 (1976). The date the notice of right to sue is received by the aggrieved party constitutes the first day of the ninety day limitation period within which the action must be brought. *Jamison v. Olga Coal Co.,* 335 F.Supp. 454 (S.D.W.Va.1971); but see *Profitt v. Armco Steel, Inc.,* 575 F.2d 579 (5th Cir. 1978), in which that Court held in computing the ninety day period the first day was to be excluded.

■ When the ninetieth day after receipt of notice of right to sue falls on a Sunday or other non-judicial day, the aggrieved person may yet institute his civil action on the next succeeding judicial day. An action filed on the first day open for judicial business following the ninetieth day (a non-judicial day) from receipt of notice of right to sue is filed timely within the meaning of 42 U.S.C. § 2000e–5 and thus, not subject to a motion to dismiss. *Pierson v. Furnco Construction Co.,* 563 F.2d 815, 818 (7th Cir. 1977). All requirements have been met under the facts of the instant case.

It is accordingly ORDERED:

(1) defendant SAJAC's motion to quash attempted service of process be, and is hereby, GRANTED and the plaintiffs are given a reasonable time, not to exceed forty-five days, within which to effect service on this defendant;

(2) that to the extent the complaint seeks a remedy against the defendants pursuant to Fifth and Fourteenth Amendments to the Constitution, 42 U.S.C. §§ 1981 and 1983, it is hereby DISMISSED; and

(3) defendants' motion to dismiss on the grounds that plaintiffs failed to state a cause of action under 42 U.S.C. § 1985(3), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.,* as amended, and the National Labor Relations Act, 29 U.S.C. §§ 151 *et seq.,* as amended, be, and the same is hereby, DENIED.