897 F.2d 530
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pauline WALBER d/b/a Walber Construction Co., Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,
Jack Kemp, Secretary, Defendant-Appellees.
 No. 88-1984.
 United States Court of Appeals, Sixth Circuit.
 March 5, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff, Pauline Walber, doing business as Walber Construction Company, appeals the dismissal of her sex discrimination, negligence, and contract claims against the United States Department of Housing and Urban Development (HUD). We agree with the district court that plaintiff's sex discrimination claims are barred by the doctrine of sovereign immunity, and that the Contract Disputes Act of 1979 (CDA), 41 U.S.C. Sec. 601, et seq., precludes the court from taking jurisdiction over the plaintiff's contract and negligence claims. Accordingly, we affirm.
 
 
 2
 This case stems from 11 separate contracts Walber entered into with HUD before March 1, 1979. The contracts were to repair and rehabilitate single-family homes in the Detroit area that HUD had acquired under its Federal Home Association insurance programs. Each contract has been the subject of prior proceedings before the HUD Board of Contract Appeals (HUDBCA), the United States Claims Court, and the Court of Appeals for the Federal Circuit.
 
 
 3
 On March 21, 1986, Walber filed the complaint in the instant case in the United States District Court for the Eastern District of Michigan.[1] Count one of the complaint specifies that HUD denied plaintiff progress payments and paid her less than male contractors under the amended provisions of six completed contracts, solely because of her sex. In the second count, Walber asserts that HUD negligently failed to ensure that she would be provided with adequate specifications on these six contracts. Such negligence, she claims, resulted in her underbidding on the contracts, constituting a "deprivation of Plaintiff's Rights actionable under the Fourteenth Amendment to the United States Constitution." (App. 10). The third, fourth, and fifth counts of the complaint concern an additional set of five contracts entered into between Walber and HUD. In the third count, Walber asserts that HUD terminated these five contracts more than 60 days after awarding them to her, in violation of a "bond agreement" between the parties. Finally, counts four and five set forth quantum meruit and unjust enrichment theories of recovery for funds due on all eleven contracts.
 
 
 4
 On June 30, 1986, defendant moved, inter alia, to dismiss the section 1983 sex discrimination claim, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief could be granted. HUD asserted that, as an arm of the United States government, it was immune from suit under the Civil Rights Acts. On October 17, the court granted defendant's motion, dismissing count one of plaintiff's complaint "for the reasons stated in Selden Apartments v. HUD, 785 F.2d 152 (6th Cir.1986)." (App. 22) The court then ordered that a hearing on the remainder of defendant's motion to dismiss be adjourned until November 20, in order to allow the parties time to brief issues relating to the CDA.
 
 
 5
 On November 20, the date of the rescheduled hearing on the motion to dismiss, the court informed the parties that it did not require oral argument and proceeded to issue a bench opinion on the record. In that opinion, the court dismissed the remainder of Walber's claims, holding that they all arose under the contracts and that Walber had elected to pursue her contractual claims under the CDA, thereby removing the claims from the jurisdiction of the district court. The court issued an order dismissing the action on November 24, 1986, for the reasons stated on the record at the November 20 hearing.
 
 
 6
 On December 8, 1986, Walber moved for reconsideration of the court's November 24, 1986, order granting the government's motion to dismiss. Plaintiff asserted that it was improper to dismiss the complaint without affording an opportunity for oral hearing. Walber also filed an accompanying petition for an oral hearing. The court granted plaintiff's motion for reconsideration on February 19, 1987, and set a date for oral argument on defendant's motion to dismiss. After several adjournments, the court cancelled oral argument on May 18, 1987, and ordered that an evidentiary hearing be held in its place to determine whether Walber had made an informed and voluntary election to proceed under the CDA. The parties were permitted to conduct discovery with respect to the election issue.
 
 
 7
 On July 21, 1987, at the evidentiary hearing, the court found that Walber made "a free and voluntary election to proceed under the Contract Disputes Act." (App. 400). The court thereupon dismissed counts two through five of Walber's complaint for lack of subject matter jurisdiction. The district court denied plaintiff's motion for reconsideration of the court's final order dismissing the action, and Walber filed this appeal.
 
 I. United States Sovereign Immunity
 
 8
 The district court correctly stated the law of this circuit when it held that claims against HUD for violations of 42 U.S.C. Secs. 1981 and 1982 are barred by the doctrine of sovereign immunity. See Selden Apartments v. United States Department of Housing and Urban Development, 785 F.2d 152, 158 (6th Cir.1986); but see Baker v. F & F Investment Co., 489 F.2d 829 (7th Cir.1973) (holding that sovereign immunity is waived). Some confusion may arise regarding the district court's citation of Selden due to the fact that plaintiff's complaint does not, on its face, assert violations of either section 1981 or section 1982. From a reading of Walber's complaint, she appears to base her claim on section 1983, and to assert a Bivens action, see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), for violation of the federal constitutional right to equal protection of the laws. However, neither 42 U.S.C. Sec. 1983 nor the Bivens line of cases will avail the plaintiff in this action.
 
 
 9
 Section 1983 fails for the simple reason that it imposes liability only on a person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. Sec. 1983. HUD, of course, is a federal agency, operating under color of federal rather than state law; section 1983 is hence unavailable on these facts. See, e.g., Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir.1987) (section 1983 provides no remedy for deprivation of rights by federal officials acting under color of federal law).
 
 
 10
 Plaintiff's claim that HUD officials "were acting under color of Federal law and that Plaintiff's allegations arise directly under the Fourteenth Amendment to the U.S. Constitution" is equally insubstantial. (App. 9). The fourteenth amendment's guarantee of equal protection of the laws is, as with section 1983, not available in a claim against the federal government. See, e.g., Taylor v. United States, 320 F.2d 843, 846 (9th Cir.1963), cert. denied, 376 U.S. 916 (1964). It is true that the fifth amendment has been held to confer a "constitutional right to be free from illegal discrimination." Davis v. Passman, 442 U.S. 228, 236 (1979) (footnote omitted). In Passman, the court held that a federal official could be sued, in his individual capacity, for discrimination on the basis of sex in violation of the plaintiff's right to due process under the fifth amendment. A direct action under the fifth amendment against an agency of the United States is, however, barred by the doctrine of sovereign immunity. See Clemente v. United States, 766 F.2d 1358, 1362-64 (9th Cir.1985), cert. denied, 474 U.S. 1101 (1986).
 
 
 11
 Apparently, the district court determined, as we have here, that plaintiff's claims under section 1983 and Bivens were barred, and thereupon construed the complaint to allege violations of sections 1981 and 1982. See Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). It should be recognized, however, that neither of these statutes is addressed to categories of selectivity based on sex. See Runyon v. McCrary, 427 U.S. 160, 167 (1976) (section 1981 applies only to racial discrimination, not discrimination based on sex); Lee v. Minnock, 417 F.Supp. 436, 439 (W.D.Pa.1976), aff'd, 556 F.2d 567 (3rd Cir.1977) (discrimination on the basis of sex is not a basis for redress under section 1982). Plaintiff would, therefore, have had no claim against HUD under section 1981 or section 1982, regardless of the holding in Selden Apartments.
 
 
 12
 Approving the district court's dismissal of the discrimination claims in count one, we proceed to an examination of the court's ruling on the remainder of the complaint.
 
 
 13
 II. Plaintiff's Election of the Contract Disputes Act
 
 
 14
 The district court held that Walber's remaining claims involved interpretation of the contracts entered into with HUD; that Walber had elected to pursue her rights under these contracts via the CDA; and, therefore, that the court had no subject matter jurisdiction over these claims. To understand this ruling, we must examine the place of the CDA in resolving disputes over government contracts.
 
 
 15
 Under the CDA, Congress provided a comprehensive statutory system of legal and administrative remedies to resolve claims and disputes relating to government contracts. The CDA provides that all contractual claims against a United States government agency must first be submitted to a contracting officer for a decision. 41 U.S.C. Sec. 605(a). This decision may then be appealed to either the Board of Contract Appeals of the particular agency, 41 U.S.C. Sec. 606, or directly to the United States Claims Court, 41 U.S.C. Sec. 609(a)(1). Appellate review of a Board of Contract Appeals or Claims Court decision is vested exclusively in the Federal Circuit. 41 U.S.C. Sec. 607(g)(1)(A). Section 14(a) of the CDA amended 28 U.S.C. Sec. 1346(a)(2) to explicitly exclude district court jurisdiction over "any civil action or claim against the United States founded upon any express or implied contract with the United States ... subject to sections 8(g)(1) and 10(a)(1) of the [CDA]." 28 U.S.C. Sec. 1346(a)(2). Federal district courts, therefore, have no jurisdiction to hear claims brought under the CDA procedures. See Management Science America, Inc. v. United States, 598 F.Supp. 223, 225 (N.D.Ga.1984), aff'd, 778 F.2d 792 (1985).
 
 
 16
 The CDA provides that contractors, such as Walber, whose claims were not decided by an agency contracting officer as of March 1, 1979, the effective date of the CDA, have the right to "elect" to have their contract disputes resolved under the provisions of the CDA or to continue to follow pre-CDA procedures. See 41 U.S.C. Sec. 601 note.
 
 
 17
 Under the pre-CDA procedures, contractors were obliged to exhaust their administrative remedies under the contract whenever the contract had a remediable clause, such as a disputes or changes clause, before receiving judicial review under the Wunderlich Act's arbitrary and capricious standards. 41 U.S.C. Sec. 321. Where the contractor's claim was for breach of contract, .e., a claim outside the remediable clause of the contract, the contractor could file a breach claim directly in federal district court. See Paragon Energy Corp. v. United States, 645 F.2d 966, 972-75 (Ct.Cl.1981).
 
 
 18
 Walber, because all of her claims to the HUD contracting officer were pending on or initiated after March 1, 1979, had the right to elect either CDA or pre-CDA procedures. In determining whether a contractor has elected to proceed under the CDA, the Federal Circuit has noted that, because "[t]here is no statutory or regulatory provision detailing the way in which [an] election is to be made, so the only real requirement is that the election be informed and voluntary." Essex Electro Engineers, Inc. v. United States, 702 F.2d 998, 1003 (Fed.Cir.1983) (footnote omitted). An election will be considered informed, according to the Federal Circuit, where the plaintiff has been "furnished sufficient information to make a straightforward and conscious election whether to invoke the act." Tuttle/White Constructors, Inc. v. United States, 656 F.2d 644, 648 (Ct.Cl.1981); see also Massman v. Tennessee Valley Authority, 769 F.2d 1114, 1119 (6th Cir.1985), cert. denied, 476 U.S. 1104 (1986) (citing Federal Circuit cases for the proposition that "the contractor must make a 'knowing election' before waiving its rights under the Act."); S.E.R., Jobs for Progress, Inc. v. United States, 759 F.2d 1, 3 (Fed.Cir.1985). We see no reason to depart from these principles in our analysis of the case at bar.
 
 
 19
 There is no doubt that Walber took advantage of the CDA (1) by proceeding with the breach of contract claims before the HUDBCA for which the latter had jurisdiction only under the CDA and (2) by seeking interest on her claim according to CDA procedures. The only dispute concerns whether Walber proceeded in an informed and voluntary manner.
 
 
 20
 The record substantially supports the district court's factual findings that plaintiff knowingly elected to proceed under the CDA. The government had argued in a HUDBCA proceeding that Walber had not made a timely election. Thus, as early as September 1979, the government had put Walber on notice that she had the right to elect whether to proceed under the CDA. In fact, Walber admitted that throughout the hearings before HUDBCA she had been told "it is the contractor who elects." Although she claims that she "never knew what to elect," (App. 392-93), the district court found that Walber "intimately and personally involved herself in each and every stage of the proceedings," and that she "was very erudite and knowledgeable about everything that was going on." (App. 398-99). Given this degree of understanding, taken together with "reference after reference to the election procedure" that the district court found on the record, (App. 399), we cannot question the substantial basis for the district court's conclusion that Walber voluntarily elected to proceed under the CDA. The district court was therefore correct in deciding that it lacked jurisdiction to consider plaintiff's contract claims.
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 Walber has brought three other suits in the U.S. District Court for the Eastern District of Michigan concerning various housing rehabilitation contracts with HUD--two suits against HUD, Walber Constr Co v. U.S. Dep't of HUD, No. 83-CV-0348-DT (E.D.Mich.), and Walber v. HUD, No. 83-CV-0454-DT (EDMich.); and one against Brothers Specifications, Inc., a contractor for HUD that supplied specifications and other services with respect to housing rehabilitation contracts, Walber v. Brothers Specifications, Inc., No 86-CV-70226-DT (E.D.Mich.)