William Joseph JOHNSON, Plaintiff,

v.

Richard FREDERICK, Tribal Judge, Turtle Mountain Reservation, Betty Sue Wilkie, Turtle Mountain Reservation, Patricia Allery, Turtle Mountain Reservation, Martin Gourneau and Carolyn Gourneau, Turtle Mountain Reservation, Individually and in their Official Capacities, Defendants.

Civ. No. A78–2071.

United States District Court,
D. North Dakota,
Northeastern Division.

March 20, 1979.

William Joseph Johnson, pro se.

Herbert A. Becker, Asst. U. S. Atty., Fargo, N. D., for defendants.

## ORDER

BENSON, Chief Judge.

Plaintiff in the above-entitled action is an Indian who is presently incarcerated at the Federal Correctional Institution, Oxford, Wisconsin, under sentence imposed by this court. He was convicted of the offense of second degree murder of his wife, which offense was committed within the exterior boundaries of the Turtle Mountain Indian Reservation in North Dakota.

Plaintiff brought this action pro se, alleging defendants have violated his constitutional rights by denying him visits and correspondence with his children. He seeks declaratory and injunctive relief, as well as compensatory and punitive damages. Jurisdiction is asserted in the complaint under 28 U.S.C. §§ 1331, 1343, 1361, 2201 and 2202; 42 U.S.C. § 1983; and the First, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the Constitution.

Defendant Richard Frederick is the tribal judge on the Turtle Mountain Reservation who placed plaintiff's children in a foster home. Defendants Betty Sue Wilkie and Patricia Allery are, or were at the times alleged in the complaint, social workers employed by the Bureau of Indian Affairs on the Turtle Mountain Reservation. Defendants Martin and Carolyn Gourneau are the appointed foster parents of plaintiff's children.

### I. *Plaintiff's Motion to Amend Complaint.*

Plaintiff seeks to amend his complaint to add two additional jurisdictional bases, 28 U.S.C. §§ 1332 and 1391. Since the court does not have jurisdiction under either of these statutes, the motion is denied.

In the absence of an allegation to the contrary, plaintiff, as a prisoner, remains a citizen of North Dakota for purposes of federal jurisdiction. *See White v. Fawcett Publications*, 324 F.Supp. 403 (W.D.Mo.1971). It appears from the record that all of the defendants except Betty Sue Wilkie are citizens of North Dakota. Therefore, complete diversity of citizenship is lacking and the court has no jurisdiction under 28 U.S.C. § 1332.

The court also notes that 28 U.S.C. § 1391, the venue statute, does not confer jurisdiction.

### II. *Motion to Dismiss by Defendants Frederick, Gourneau and Gourneau.*

The above-named defendants have moved for dismissal of plaintiff's complaint against them for failure to state a claim upon which relief can be granted.

Plaintiff has enumerated eleven causes of action in his complaint, each alleging deprivation of a right secured to him by the Constitution and violation of the parallel provisions of the Indian Civil Rights Act (ICRA), 25 U.S.C. § 1302.[1]

Plaintiff has no cause of action against the moving defendants based directly on the constitutional provisions he cites. The powers of the Turtle Mountain

1. 25 U.S.C. § 1302 provides:
   No Indian tribe in exercising powers of self-government shall—
   (1) make or enforce any law prohibiting the free exercise of religion, or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble and to petition for a redress of grievances;
   (2) violate the right of the people to be secure in their persons, houses, papers, and effects against unreasonable search and seizures, nor issue warrants, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or thing to be seized;
   (3) subject any person for the same offense to be twice put in jeopardy;
   (4) compel any person in any criminal case to be a witness against himself;
   (5) take any private property for a public use without just compensation;
   (6) deny to any person in a criminal proceeding the right to a speedy and public trial, to be informed of the nature and cause of the accusation, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and at his own expense to have the assistance of counsel for his defense;
   (7) require excessive bail, impose excessive fines, inflict cruel and unusual punishments, and in no event impose for conviction of any one offense any penalty or punishment greater than imprisonment for a term of six months or a fine of $500, or both;
   (8) deny to any person within its jurisdiction the equal protection of its law or deprive any person of liberty or property without due process of law;
   (9) pass any bill of attainder or ex post facto law; or
   (10) deny to any person accused of an offense punishable by imprisonment the right, upon request, to a trial by jury of not less than six persons.

tribal government are constrained only by the provisions of the ICRA, and not by the parallel provisions of the Constitution. *See Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 54, 98 S.Ct. 1670, 1675, 56 L.Ed.2d 106, 113–114 (1978).

Plaintiff also has no remedy in this court under the ICRA. The United States Supreme Court held in *Santa Clara Pueblo v. Martinez, supra,* that the exclusive remedy in the federal courts for enforcement of the provisions of 25 U.S.C. § 1302 is a habeas corpus action brought pursuant to 25 U.S.C. § 1303.[2] All other enforcement actions must be brought in the tribal courts. The Supreme Court recognized the respect that is to be accorded the tribal courts:

> Tribal forums are available to vindicate rights created by the ICRA, and § 1302 has the substantial and intended effect of changing the substantive law which these forums are to apply. Tribal courts have repeatedly been recognized as appropriate forums for the exclusive adjudication of disputes affecting important personal and property interests of both Indians and non-Indians.[3]

436 U.S. at 65, 98 S.Ct. at 1680–1681, 56 L.Ed.2d at 119–120.

The fact that plaintiff's complaint is in part against the tribal judge who placed plaintiff's children in a foster home on the reservation and supervises their care does not change the result. Congress has not provided a remedy in the federal courts for this type of action, so plaintiff's civil rights grievance under the ICRA may be presented only to the tribal court.

None of the other statutes cited in plaintiff's complaint will serve as a basis for relief either. Since there is no state action involved, plaintiff has no cause of action under 42 U.S.C. § 1983. The federal question and civil rights jurisdictional statutes, 28 U.S.C. §§ 1331 and 1343 respectively, provide plaintiff no basis for relief from the moving defendants since he has no cause of action under the Constitution, the Indian Civil Rights Act or 42 U.S.C. § 1983. The court has no diversity jurisdiction under 28 U.S.C. § 1332, since plaintiff and the moving defendants are all citizens of North Dakota. Since none of the moving defendants are federal officers, no mandamus action will lie under 28 U.S.C. § 1361. The remaining statute cited by plaintiff, the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, neither confers jurisdiction nor creates a cause of action.

Plaintiff has failed to state a claim against Richard Frederick, Martin Gourneau or Carolyn Gourneau upon which relief can be granted, and the motion by those defendants to dismiss is granted.

### III. *Claim Against Patricia Allery and Betty Sue Wilkie.*

The court *sua sponte* raises the issue of whether plaintiff has stated a substantial constitutional claim against Patricia Allery and Betty Sue Wilkie.[4] His allegations against them relate to actions taken by them as employees of the Bureau of Indian Affairs.

The United States Supreme Court held in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 397, 91 S.Ct.

---

**2.** 25 U.S.C. § 1303 provides:

The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe.

**3.** Congress, in enacting the Indian Child Welfare Act of 1978, P.L. 95–608, 92 Stat. 3069 (to be codified at 25 U.S.C. § 1901 et seq.), has specifically recognized the importance of allowing tribal courts to assume full responsibility for placement of Indian children in foster care and adoptive homes, by granting Indian tribes exclusive jurisdiction over such proceedings.

**4.** Betty Sue Wilkie has filed a motion to dismiss for lack of personal jurisdiction on the ground that she was served in Tennessee. The court concludes from a review of the record that defendant Wilkie has had sufficient contacts with the State of North Dakota that "traditional notions of fair play and substantial justice" would not be offended by subjecting her to the jurisdiction of this court. *International Shoe Co. v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

1999, 29 L.Ed.2d 619 (1971), that a person whose constitutional rights have been violated by federal officers has a cause of action arising under the Constitution to redress the deprivation of his rights. *See also Wounded Knee Legal Defense/Offense Committee v. F. B. I.,* 507 F.2d 1281, 1285 (8th Cir. 1974). As a prerequisite to recovery in such an action, a plaintiff must of course show deprivation of a constitutionally protected right. *McNally v. Pullitzer Publishing Co.,* 532 F.2d 69, 76 (8th Cir.), *cert. denied,* 429 U.S. 855, 97 S.Ct. 150, 50 L.Ed.2d 131 (1976).

Plaintiff alleges in his complaint that Patricia Allery and Betty Sue Wilkie are social workers on the Turtle Mountain Reservation who, in "collaboration" with defendant Richard Frederick, are responsible for the care and needs of dependent children on the reservation. He alleges that at the time of his arrest two social workers, unknown to him, appeared and told him his children had already been made wards of the tribal court. He further alleges that since his imprisonment he has written letters to all of the defendants in an attempt to arrange visits with his children at the prison. The only specific allegation against Patricia Allery is that she responded to one of plaintiff's letters, stating that a visit could be arranged if plaintiff would prepay all expenses. The only specific allegations against Betty Sue Wilkie are that she also wrote plaintiff a letter stating a visit could be arranged if plaintiff would prepay all expenses,[5] and that a week later she sent a letter to plaintiff informing him that a decision had been reached to deny his request for a visitation at the prison. Defendant Richard Frederick, the tribal judge, co-signed this letter in approval of its content.

Plaintiff's allegations against Patricia Allery and Betty Sue Wilkie merely indicate that they were acting as an arm of, and with the approval of, the tribal court. Plaintiff's children are wards of the tribal court, and it is the responsibility of that court to determine the best interests of the children. The tribal court's supervision of plaintiff's children is entitled to great respect and is not subject to review by this court.

■ The court concludes that plaintiff has failed to present a substantial constitutional claim against Patricia Allery and Betty Sue Wilkie, and his complaint against them is dismissed. *See Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

IT IS ORDERED plaintiff's motion for leave to amend his complaint is denied.

IT IS FURTHER ORDERED the motion by defendants Richard Frederick, Martin Gourneau and Carolyn Gourneau to dismiss the complaint against them under Rule 12(b)(6), F.R.Civ.P. is granted.

IT IS FURTHER ORDERED plaintiff's complaint against Patricia Allery and Betty Sue Wilkie is dismissed for failure to present a substantial constitutional claim.

---

**5.** A review of the exhibits attached to plaintiff's complaint indicates these letters were not written by defendants Allery and Wilkie, but by a probation officer and law student who relayed to plaintiff statements made by defendants Allery and Wilkie.