**J. Placido GARCIA, Plaintiff,**

v.

**BOARD OF EDUCATION OF the SOCORRO CONSOLIDATED SCHOOL DISTRICT et al., Defendants.**

**Civ. No. 80–399 HB.**

United States District Court,
D. New Mexico.

Oct. 16, 1980.

Ronald J. Van Amberg, Solomon, Roth & Van Amberg, Santa Fe, for plaintiff.

Carl H. Esbeck, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, N. M., for defendants.

## MEMORANDUM OPINION

BRATTON, Chief Judge.

Plaintiff brought this civil rights action claiming that the defendants violated his right to freedom of speech when they refused to renew his contract as superintendent of schools after he spoke and acted in opposition to certain allegedly unlawful policies and practices of the school board. The case comes before the court on the motion of the defendants to dismiss the cause of action asserted by plaintiff under the civil rights conspiracy statute, 42 U.S.C. § 1985(c). The motion is well taken and will be granted.

In order for a claim to exist under § 1985(c), "there must be some racial, or perhaps otherwise class–based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Plaintiff does not challenge this requirement. Nor does he claim to be the target of racial discrimination. Rather, he asserts that the defendants conspired against him because he is a member of a class of "school administrators who are concerned with proper administration of education." Even if the allegations are viewed most favorably to plaintiff, they fail to establish the necessary animus.

The problem with plaintiff's argument is that, seeking to bring himself within the ambit of § 1985(c), he creates a class around himself, tailored to the particular discrimination he claims to have suffered. Such an attempt to clothe animus against an individual in the guise of class discrimination raises "the constitutional [problems] that ... lie in the path of interpreting § 1985[(c)] as a general federal tort law." *Griffin v. Breckenridge,* 403 U.S. at 102, 91 S.Ct. at 1798.

The lower courts have avoided these difficulties by stressing that *Griffin* requires an animus that can truly be characterized as invidiously discriminatory: the alleged discrimination must occur because of the plaintiff's membership in the asserted class, and the criteria defining the class must be invidious. *See, e. g., Lessman v. McCormick,* 591 F.2d 605 (10th Cir. 1979). Non–racial classifications that create a § 1985(c) cause of action have been difficult to find; such classifications have generally been based on religion, *see, e. g., Marlowe v. Fisher Body,* 489 F.2d 1057 (6th Cir. 1973), or political belief, *see, e. g., Hampton v. Hanrahan,* 600 F.2d 600 (7th Cir. 1979), *rev'd in part on other grounds,* —— U.S. ——, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980);

*Cameron v. Brock*, 473 F.2d 608 (6th Cir. 1973).

 Plaintiff likens himself to a person discriminated against because of his political views and argues that the above cases are applicable. But where political classifications have given rise to a § 1985(c) cause of action, the classes involved have had a clearly defined membership engaged in traditional political activities such as associating in a party, *Hampton v. Hanrahan*, or campaigning for a candidate, *Cameron v. Brock*. Here plaintiff merely disagreed with his superiors about how his school system ought to be run. Because plaintiff cannot be viewed as a victim of class–based, invidious discrimination, his claim under 42 U.S.C. § 1985(c) will be dismissed.