Karen DUBRAY, Elora Hein and Lila Young, Plaintiffs,

v.

ROSEBUD HOUSING AUTHORITY, et al., Defendants.

No. CIV82–3077.

United States District Court, D. South Dakota, C.D.

May 6, 1983.

LeAnn Larson LaFave, Joseph E. Ellingson and Alvin R. Pahlke, Tobin Law Offices, Winner, S.D., for plaintiffs.

Dennis H. Hill, Rapid City, S.D. James F. Wagenlander, Denver, Colo., for defendants.

## ORDER

BOGUE, Chief Judge.

The Defendants in the above-entitled matter filed extensive motions to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The three named Plaintiffs in this case filed a Complaint against the Defendants arising out of the alleged wrongful discharge of the Plaintiffs from their positions of employment with the Rosebud Housing Authority (hereinafter RHA). The Defendants include the RHA, its managing director, and several members of the RHA Board of Directors. Additionally, the Plaintiffs have named the United States Department of Housing and Urban Development (HUD), and HUD employe, Ann Hinson, as defendants. The individual defendants are sued both in their official and in their individual capacities. Specifically, the Complaint contains claims against the RHA defendants for violations of the Plaintiffs' rights under the United States Constitution (Count I); a claim against the RHA defendants and HUD Defendant Hinson for an alleged conspiracy to violate the Plaintiffs' civil rights, under 42 U.S.C. § 1985(3)

(Count II); a claim against the RHA Defendants and HUD Defendant Hinson for their alleged neglect in failing to prevent such a conspiracy, pursuant to 42 U.S.C. § 1986 (Count III); a claim against RHA Defendants Dunham, Big Crow, Swift and the RHA itself under the doctrine of respondeat superior (Count IV); a claim against both the RHA and HUD for alleged violation of federal regulations governing the administration of Housing Authority programs (Count V); and claims against the RHA Defendants under tribal law for defamation (Count VI), for violation of the Indian Civil Rights Act, 25 U.S.C. §§ 1301–1303 (Count VII), and for violation of the Rosebud Sioux Tribe Constitution (Count VIII). The Court will address the Defendants' Motions to Dismiss as they apply to each of these separate counts of the Plaintiffs' Complaint.

 The Plaintiffs have correctly stated the rule concerning the method of testing the legal sufficiency of a complaint under Rule 12(b)(6). A complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiffs are entitled to no relief under any state of facts which could be proved in support of their claims. In passing on a motion to dismiss, all material allegations in the complaint are taken as admitted, with all such allegations construed favorably to the plaintiffs. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Otherwise stated, the question is whether in a light most favorable to the plaintiffs, and with every doubt resolved in their behalf, the complaint states any valid claim for relief. The court may dismiss a complaint pursuant to Rule 12(b)(6) only when the allegations of the complaint itself clearly demonstrate that they do not have a claim. See, 5 Wright & Miller; *Federal Practice & Procedure, Civil,* § 1357.

Plaintiffs admitted that they used a format in constructing their complaint which created confusion concerning the applicability of each count to the specific defendants. The Plaintiffs attempted to restate and reallege the preceding paragraphs at the beginning of each count. But it was clear from the conduct alleged, that each count was not intended to apply to all defendants, nor was the incorporation of all preceding paragraphs intended to have that result. Because of the confusion, the Defendant HUD moved to strike those paragraphs of the Complaint which purported to restate and reallege the preceding paragraphs of the Complaint. Although a ruling on the motion to strike is not necessary at this time, it is important that the Court state its conclusions that the Complaint cannot fairly be read to state a claim against all defendants in each of the eight counts. Each count refers to the specific defendants to which that count applies.

 Count I of the Plaintiffs' Complaint sets forth the Plaintiffs allegation that the RHA Defendants wrongfully charged the Plaintiffs with misconduct in the course of terminating them from their positions with the RHA. As a result of the alleged wrongful conduct of the RHA Defendants, the Plaintiffs contend that their rights under the first and fifth amendments to the United States Constitution were violated. Count I applies only to the Defendant RHA, and individual Defendants La-Pointe, Dunham, Big Crow and Swift. See, Paragraph 8 of the Complaint. This Court concludes that the Plaintiffs have failed to state a claim against the RHA Defendants in Count I of the Complaint. The United States Constitutional limitations do not apply to tribes, to tribal agencies, or to individual tribal officials. *Talton v. Mayes,* 163 U.S. 376, 16 S.Ct. 986, 41 L.Ed. 196 (1896); *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). The Rosebud Housing Authority was established by the Rosebud Sioux Tribal Council in the exercise of its powers of self-government. The Rosebud Housing Authority operates in connection with the United States Department of Housing and Urban Development in the development and operation of housing projects on the Rosebud Reservation. But this Court must reject the Plaintiffs' claim that the RHA does not possess attributes of tribal sovereignty and is sufficiently

linked to HUD that it may be considered an agency of the federal government, rather than of the tribe. Instead, this Court is compelled to conclude that the RHA is a tribal agency, to which the limitations of the United States Constitution do not apply. Thus, the constitutional claims asserted by the Plaintiffs under the first, fifth or fourteenth amendments, fail to state a claim against RHA and the RHA Defendants in both their official and their individual capacities. *See, Wardle v. Ute Indian Tribe,* 623 F.2d 670 (10th Cir.1980); *Bruette v. Knope,* 554 F.Supp. 301 (E.D.Wis.1983); Cohen, *Handbook of Federal Indian Law* (1982 ed.) at p. 664.

In Count II of the Complaint, the Plaintiffs allege that the RHA Defendants and HUD Defendant Hinson engaged in "a concerted and joint effort to deprive Plaintiffs, individually, and as members of the class of RHA employees" of their constitutional rights under the first and fifth amendments of the United States Constitution. In this manner, the Plaintiffs have attempted to assert a claim for an alleged conspiracy to violate their civil rights under 42 U.S.C. § 1985(3). In order to state a claim under § 1985(3) it must be alleged that (1) the defendants conspired, (2) for the purpose of depriving any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws, that (3) one or more of the conspirators did or caused to be done any act in furtherance of the conspiracy, and (4) as a result, another was injured in his person or property or deprived of having and exercising any vital privilege of a citizen. *Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971). The first requirement of *Griffin* is the allegation of a conspiracy. It is well settled that conclusory allegations of a conspiracy are insufficient to state a claim under § 1985(3). *Slotnick v. Garfinkle,* 632 F.2d 163 (1st Cir.1980). There must be some showing of facts to support a conspiracy claim. Plaintiffs allege in count II, "a concerted and joint effort" on the part of the RHA Defendants and HUD Defendant Hinson, to deprive Plaintiffs of their civil rights. The factual allegations are set forth in paragraphs 1 through 25 of the Complaint. The only allegation concerning Defendant Hinson is that the "HUD Defendants" failed to correct the RHA actions in dismissing the Plaintiffs. *See,* Paragraph 25. This allegation, by itself, provides insufficient factual basis to support a claim that HUD, or its employee Hinson, participated with the RHA Defendants in a conspiracy to deprive Plaintiffs of their civil rights.

The second requirement of *Griffin* means that in order to state a claim under § 1985(3), it must be alleged that the conspirators were motivated by an invidiously discriminatory animus toward a particular class of persons, which included the Plaintiffs. *Means v. Wilson,* 522 F.2d 833, 839 (8th Cir.1975). The class of persons against which the conspirators' discriminatory bias is directed must be a clearly defined and distinct class. *Cameron v. Brock,* 473 F.2d 608 (6th Cir.1973). The Plaintiffs must demonstrate a relationship between themselves and the other members of the putative class in order to establish their own membership in that class. *Means v. Wilson,* 522 F.2d at 840. Further, the characteristics or attributes that define the class must (1) be the demonstrated relationship shared by the Plaintiffs and the other class members, and (2) be the motivating focus of the conspirators' discriminatory animus. *Harrison v. Brooks,* 519 F.2d 1358, 1360 (1st Cir.1975). Plaintiffs contend that they are members of the "class of RHA employees who have been discriminated against because of their associations, and because of their expression of dissatisfaction with the RHA Board of and executive director." But this statement begs the question of whether an identifiable class exists. Certainly the requisite class cannot be defined solely by reference to the Defendants' alleged wrongful conduct. Plaintiffs liken their situation to those in which employees or other groups were viewed as "whistle blowers" and were discriminated against because of grievances against an employer, or because of political opposition to another faction currently in power. *See, Lapin v. Taylor,* 475 F.Supp. 446 (D.Hawaii

1979); *Phillips v. MacDonald,* 9 Indian Law Rep. 3133 (No. Civ–80–757C, Dist.N.Mex. 1982).

Although Plaintiffs' class-based claim is that they were discriminated against "as members of the class of RHA employees," the gravamen of their Complaint is that they were fired because of their opposition to the RHA Defendants. The Complaint does not indicate whether any other RHA employees shared Plaintiffs' views or grievances. The Complaint does not describe the attributes or characteristics of the class, other than to imply that the class includes employees who disagree with the RHA Board and Director. The Complaint fails to indicate whether the class members may be identified by their alliance with a distinct political movement, a candidate, or by their adherence to certain political beliefs. *See, Means v. Wilson, supra; Fantroy v. Greater St. Louis Labor Council,* 478 F.Supp. 355 (E.D.Mo.1979). Instead, the Complaint asserts that Plaintiffs were injured, not because they were RHA employees, the class alleged, but because of their opposition to the manner in which Defendants ran the RHA. The retaliatory firing of Plaintiffs, without due process, was alleged to be the instant reaction of the Defendants to the grievance filed by Plaintiffs. The Complaint, therefore, alleges spontaneous acts on the part of Defendants, not acts which are a part of the general pattern of discriminatory action directed toward any class. *See, Arnold v. Tiffany,* 487 F.2d 216 (9th Cir.1973); *Hughes v. Ranger Fuel Corp.,* 467 F.2d 6 (4th Cir.1972). The actions taken by Defendants were directed against Plaintiffs as individuals, and not *because* they were RHA employees or members ·of some other identifiable class.

Other courts have addressed the applicability of § 1985(3) to allegations of employer discrimination made by dissenting or terminated employees. In *Silkwood v. Kerr-McGee Corp.,* 637 F.2d 743 (10th Cir.1980), the court dismissed a § 1985(3) claim made by a Kerr-McGee employee who alleged membership in a group of employees which sought to form a union, and to report safety violations at a Kerr-McGee nuclear fuels plant. The court held that the complaint failed to allege any prejudice against a class *qua* class, or any prejudice which transcended the immediate dispute. See also, *Elbert v. Board of Education of Lanark Community Unit School District,* 630 F.2d 509 (7th Cir.1980); *Ward v. St. Anthony Hospital,* 476 F.2d 671 (10th Cir.1973); *Bricker v. Crane,* 468 F.2d 1228 (1st Cir.1972); *Garcia v. Board of Education of Socorro Consolidated School Dist.,* 498 F.Supp. 880 (D.N. Mex.1980).

Clearly, 42 U.S.C. § 1985(3) "does not reach every injury suffered by an individual; that would be tantamount to a general federal tort law, which Congress does not have the power to enact." *Means v. Wilson,* 522 F.2d at 840; n. 5. Accordingly, Congress limited the coverage of the statute by requiring as an element of the cause of action the allegation of a class based invidiously discriminatory animus behind the conspirators' action. *Griffin v. Breckenridge,* 403 U.S. at 102, 91 S.Ct. at 1798. This requirement is not met in every case in which one or more employees have a grievance concerning their employers' method of operating a business or government agency, and are discharged from their jobs by the employer. In this case Plaintiffs failed to allege facts showing the existence of and their membership in a class defined by invidious criteria. Plaintiffs also failed to allege that the Defendants conspired against Plaintiffs because of their membership in such a class. *Harrison v. Books, supra.* Plaintiffs, therefore, have not sufficiently alleged class based discrimination and so failed to state a cause of action under § 1985(3). At most, the Complaint states · facts which show personal animus and discrimination because of each of the Plaintiff's individual opposition to Defendants. This individual animus and discrimination, however, cannot constitute a claim under § 1985(3). *Shortbull v. Looking Elk,* 677 F.2d 645 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 211, 74 L.Ed.2d 168 (1982).

In Count III of the Complaint, Plaintiffs attempted to state a claim under 42 U.S.C. § 1986 for neglect on the part of the RHA Defendants and HUD Defendant Hinson in failing to prevent the acts consti-

tuting the alleged conspiracy. It is undisputed that the Plaintiffs' claim under 42 U.S.C. § 1986 depends upon the validity of their claim in Count II under § 1985(3). Because Plaintiffs failed to state a claim under § 1985, their claim under § 1986 is foreclosed as well. *Williams v. St. Joseph Hospital,* 629 F.2d 448 (7th Cir.1980); Antieau, *Federal Civil Rights Acts,* § 281 (2nd ed. 1980).

▪ Counts I through III of the Plaintiffs' Complaint are the only claims which state an independent basis of federal subject matter jurisdiction. The remaining counts are entirely dependent upon the federal claims contained in Counts I through III. Count V, for example, contains the Plaintiffs' request for declaratory and injunctive relief for alleged violations of law, pursuant to 28 U.S.C. § 2201, *et seq.* Before a federal court may entertain an action for declaratory judgment pursuant to this statute, there must be an independent basis of federal subject matter jurisdiction. Here, the Plaintiffs relied upon the Court's federal question jurisdiction in connection with the claims, in Counts I through III, under the United States Constitution, 42 U.S.C. §§ 1985(3) and 1986. Plaintiffs asserted federal subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(3). This Court has concluded that Plaintiffs failed to state a claim upon which relief could be granted with respect to their federal constitutional and civil rights claims. There being no other independent basis for federal subject matter jurisdiction asserted in the Complaint, Plaintiffs' claim under 28 U.S.C. § 2201 in Count V must also be dismissed.

▪ In Counts VI, VII and VIII, the Plaintiffs attempted to state claims under tribal law over which they requested the Court to assume pendent jurisdiction. In Count VI the Plaintiffs alleged conduct on the part of the RHA Defendants which constituted defamation under tribal law. In Count VII, Plaintiffs alleged that the conduct of the RHA Defendants violated the rights of the Plaintiffs under the Indian Civil Rights Act, 25 U.S.C. §§ 1301–1303. In Count VIII, Plaintiffs asserted claims under the tribal constitution. In support of their request that this Court assume pen-

dent jurisdiction over related tribal claims, the Plaintiffs cite *Howlett v. Salish and Kootenai Tribes,* 529 F.2d 233 (9th Cir. 1976); *Loncassion v. Leekity,* 334 F.Supp. 370 (D.N.Mex.1971); and *Spotted Eagle v. Black Feet Tribe,* 301 F.Supp. 85 (D.Mont. 1969) (pendent jurisdiction over related state claims). These cases address claims under the Indian Civil Rights Act prior to the decision of the United States Supreme Court in *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). Prior to the decision in *Santa Clara Pueblo,* many courts held that members of an Indian tribe could bring actions in federal court to enforce the civil rights created in favor of tribal members in the Indian Civil Rights Act. In *Santa Clara Pueblo,* however, the Supreme Court held that the Indian Civil Rights Act does not imply a private cause of action for enforcement either in its own right, or in conjunction with 28 U.S.C. § 1343(4). The sole federal remedy for an alleged violation of the Act is the application for federal habeas corpus relief under 25 U.S.C. § 1303. *See, Trans-Canada Enterprises, Ltd. v. Muckleshoot Indian Tribe,* 634 F.2d 474 (9th Cir.1980); *Kennerly v. United States,* 534 F.Supp. 269 (D.Mont. 1982). Thus, it is clear that the Plaintiffs could not avail themselves directly of any claim under the Indian Civil Rights Act. This Court also concludes that Plaintiffs are not entitled to pursue their claim under the Act in federal court based upon the Court's pendent jurisdiction over related nonfederal claims.

▪ The adjudication of a pendent claim is committed to the discretion of the district court and is not mandatory. Where jurisdiction of the claims set forth in Counts VI, VII, and VIII was pendent only, and because the federal claims are dismissed by this order, the Eighth Circuit Court of Appeals has indicated that the normal practice is to dismiss pendent claims without prejudice. *Stokes v. Lokken,* 644 F.2d 779 (8th Cir.1981). This rule is consistent with the decisions of other courts which consider the traditional notions of judicial economy convenience and fairness to the litigants. *United Mineworkers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218

(1966). This Court concludes that the Plaintiffs appear to have an appropriate tribal remedy for any and all of the wrongs alleged in the Complaint. Indeed, relegation of the Plaintiffs to their tribal remedy is consistent both with *Santa Clara Pueblo,* and with traditional notions of tribal sovereignty. *See also, Decker v. Russek,* 518 F.Supp. 1040, *aff'd,* 679 F.2d 876 (4th Cir. 1982). Accordingly, this Court declines to exercise its discretion to assume pendent jurisdiction over the Plaintiffs' tribal claims in Counts VI, VII and VIII.

■ Only Count IV of the Complaint remains to be addressed. Count IV does not add any substantive basis for liability on the part of the RHA Defendants. Instead, the count only alleges that for the wrongful conduct of RHA Defendant Opie LaPointe, the RHA Defendants are liable under the doctrine of *respondeat superior.* This count must be dismissed because it depends upon the viability of the other counts in the Complaint, which this Court has determined provided an insufficient basis for federal court jurisdiction.

Therefore, good cause appearing, it is hereby

ORDERED that Defendants' motions to dismiss Counts I, II, III, IV and V, of the Complaint, without prejudice, for failure to state a claim upon which relief can be granted, are granted. Although it appears doubtful that Plaintiffs can cure the defects in their Complaint, the Court hereby grants Plaintiffs leave to file an amended complaint within thirty (30) days, to attempt to do so. It is further

ORDERED, that the motions to dismiss the pendent tribal claims in Counts VI, VII, and VIII, on the same grounds are granted. These tribal claims are dismissed without prejudice to the right of Plaintiffs to pursue their claims in the appropriate tribal forum.

Because the Court determined that the Complaint, as a whole, failed to state a claim, it need not address the tribal defendants' argument that this action is barred by the doctrine of tribal immunity. Additionally, in their last brief filed with the Court, Plaintiffs indicated that they were also asserting an implied remedy for unconstitutional federal action. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1977). As a prerequisite to recovery in such an action, a plaintiff must show deprivation of a constitutionally protected right. *McNally v. Pulitzer Publishing Co.,* 532 F.2d 69, 76 (8th Cir.) *cert. denied,* 429 U.S. 855, 97 S.Ct. 150, 50 L.Ed.2d 131 (1976). The only specific allegations in the Complaint against federal defendants HUD and Hinson fall far short of presenting a substantial constitutional claim. Accordingly, assuming Count I can also be read to allege constitutional claims against HUD and Hinson, it is hereby

ORDERED, that Plaintiffs' Complaint against Defendants HUD and Hinson is dismissed for failure to present a substantial constitutional claim. *See, Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *Johnson v. Frederick,* 467 F.Supp. 956 (D.N.D.1979).